UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,<br>Plaintiff, | Case No.<br><br>Hon. |
| v. | |
| PRADEEP RAVELLA, SUJEETH RAVI, SOUTHERN FOODS WHOLESALERS, LLC, AND EDISSON ZUNIGA-CASTRO.<br>Defendants. | |

Eric Skelly
Dinsmore & Shohl LLP
101 Arch Street, Suite 1800
Boston, MA 02110
Phone: (857) 305-640
eric.skelly@dinsmore.com
*Attorneys for State Farm Mutual Automobile Insurance Company*

## COMPLAINT FOR DECLARATORY RELIEF

Now comes State Farm Mutual Automobile Insurance Company ("Plaintiff" or "State Farm"), through counsel, and for its Complaint for Declaratory Relief states as follows.

### PARTIES, JURISDICTION, AND VENUE

1. State Farm is an Illinois company with its principal place of business in Illinois.

2. Defendant Pradeep Ravella ("Mr. Ravella") is a natural person residing in Connecticut.

3. Defendant Sujeeth Ravi ("Mr. Ravi") is a natural person residing in Connecticut.

4. Upon information and belief, all members of Southern Foods Wholesalers LLC are citizens of Connecticut, and thus Defendant Southern Foods Wholesalers LLC ("Southern Foods") is a citizen of Connecticut.

5. Defendant Edisson Zuniga-Castro ("Mr. Zuniga-Castro") is a natural person residing in Connecticut.

6. This cause of action arises out of underlying events that occurred in Fairfield County, Connecticut.

7. The amount in controversy exceeds $75,000, inasmuch as the underlying complaint is regarding a five-vehicle pile-up and the limits of insurance for bodily injury liability under the State Farm policy are $100,000 per accident.

8. The cause of action involves a controversy in excess of $75,000 with complete diversity of citizenship between citizens of different states.

9. Accordingly, jurisdiction is proper pursuant to 28 U.S.C. § 1332.

10. Moreover, venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

**FACTS**

11. This insurance coverage dispute arises out of a five-vehicle accident on June 5, 2024 in Norwalk, Connecticut.

12. On May 12, 2025, Edisson Zuniga-Castro ("Mr. Zuniga-Castro") filed suit in Superior Court for the Judicial District of New Haven at New Haven, Case No. NNH-CV25-6156690-S, *Edisson Zuniga-Castro v. Sujeeth Ravi, Pradeep Ravella, Southern Foods Wholesalers, LLC, and AP Foods, LLC* (the "Zuniga-Castro Litigation). Exhibit 1, Complaint.

13. According to the complaint filed in the Zuniga-Castro Litigation, at the time of the accident, Mr. Ravi was operating a 2022 Ford box truck as the agent, servant and/or employee of Mr. Ravella and/or Southern Foods and/or AP Foods, LLC.

14. Count I of the complaint filed in the Zuniga-Castro Litigation alleges that Mr. Ravi negligently caused the accident and that as a result, Mr. Zuniga-Castro was injured.

15. Count II of the complaint filed in the Zuniga-Castro Litigation alleges that Mr. Zuniga-Castro's damages were caused by the reckless and wanton misconduct of Mr. Ravi.

16. State Farm issued policy no. 094 6134-A06-07C (the "Policy") to Named Insured Pradeep Ravella for the policy period of January 6, 2024 to July 6, 2024. A copy of the policy is attached here as Exhibit 2.

## COUNT I

## DECLARATION THAT MR. RAVI IS NOT AN "INSURED" UNDER THE POLICY DEFINITION, AND ACCORDINGLY THE POLICY PRECLUDES A DUTY OF STATE FARM TO DEFEND OR INDEMNIFY MR. RAVI IN CONNECTION WITH THE ZUNIGA-CASTRO LITIGATION

17. State Farm incorporates by reference all of its previous allegations.

18. The Policy provides, in relevant part:

> . . .
> 6129AF
>
> **AMENDATORY ENDORSEMENT**
>
> This endorsement is a part of the policy. Except for the changes this endorsement makes, all other provisions of the policy remain the same and apply to this endorsement.
> . . .
>
> 3. **LIABILITY COVERAGE**
>
> > a. **Additional Definition**
> > *Insured* is changed to read:
> >
> > *Insured* means:
> >
> > 1. *you* and *resident relatives* for:

3

a. the ownership, maintenance, or use of:
(1) *your car;*
(2) a *newly acquired car;* or
(3) a *trailer;* and

b. the maintenance or use of:
(1) a *non-owned car;* or
(2) a *temporary substitute car;*

2. *you* for the maintenance or use of a *car owned by,* or furnished by an employer to, a *person* who resides primarily in the household of the first *person* shown as a named insured on the Declarations. That *car* cannot be *owned by you,* or furnished by *your* employer;

3. any other *person* for their use of:

a. *your car;*

b. a *newly acquired car;*

c. a *temporary substitute car;*
or

d. a *trailer* while attached to a *car* described in a., b., or c. above.

Such vehicle must be used within the scope of *your* consent; and

4. any other *person* or organization vicariously liable for the use of a vehicle by an *insured* as defined in 1., 2., or 3. above, but only for such vicarious liability. This provision applies only if the vehicle is:

a. neither *owned by,* nor hired by, that other *person* or organization, unless the vehicle is a *your car* or a *newly acquired car;* and

b. neither available for, nor being used for, carrying *persons* for a charge.

*Insured* does not include the United States of America or any of the Federal Government's departments or agencies.

b. **Insuring Agreement** is replaced by the following:
**Insuring Agreement**

1. *We* will pay damages an *insured* becomes legally liable to pay because of:

    a. *bodily injury* to others; and

    b. damage to property

    caused by an accident that involves a vehicle for which that *insured* is provided Liability Coverage by this policy.

19. The policy defines "non-owned car" as:

[9807A]

***Non-Owned Car*** means a *car* that is in the lawful possession of *you* or any *resident relative* and that neither:
1. is ***owned by***:
    a. *you*;
    b. any *resident relative*;
    c. any other *person* who resides primarily in *your* household; or
    d. an employer of any *person* described in a., b., or c. above; nor
2. has been operated by, rented by, or in the possession of:
    a. *you*; or
    b. any *resident relative*

during any part of each of the 31 or more consecutive days immediately prior to the date of the accident or loss.

20. The policy defines "owned by" as:

[9807A]

***Owned By*** means:
1. owned by;
2. registered to; or
3. leased, if the lease is written for a period of 31 or more consecutive days, to.

21. The policy defines "temporary substitute car" as:

[9807A]

***Temporary Substitute Car*** means a *car* that is in the lawful possession of the *person* operating it and that:
1. replaces *your car* for a short time while *your car* is out of use due to its:

5

   a. breakdown;
   b. repair;
   c. servicing;
   d. damage; or
   e. theft; and
2. neither *you* nor the *person* operating it own or have registered.
If a *car* qualifies as both a ***non-owned car*** and a ***temporary substitute car***, then it is considered a ***temporary substitute car*** only.

22. The policy defines "newly acquired car" as:

[6129AF]

b. ***Newly Acquired Car*** is changed to read:
***Newly Acquired Car*** means a *car* newly ***owned by you*** or a ***resident relative***. . . .
. . .

23. Because Mr. Ravi is not named as an insured in the Policy, not a resident relative of Mr. Ravella, and not a spouse or in a civil union with Mr. Ravella, nor is the same alleged in the complaint filed in the Zuniga-Castro Litigation, he does not meet the definition of an "Insured" under subsection 1. or 2.

24. Moreover, the U-Haul box truck is not "your car", a "newly acquired car", a "temporary substitute car", or a "trailer" attached thereto, nor is the same alleged in the complaint filed in the Zuniga-Castro Litigation, and accordingly Mr. Ravi does not meet the definition of an "Insured" under subsection 3.

25. Furthermore, Mr. Ravi was not vicariously liable for any person, nor is the same alleged in the complaint filed in the Zuniga-Castro Litigation, and thus Mr. Ravi does not meet the definition of an "Insured" under subsection 4.

26. Accordingly, because Mr. Ravi was not an "Insured" as defined by the Policy under any of the subsections, State Farm has no duty to indemnify Mr. Ravi in connection with the Zuniga-Castro Litigation.

27. Moreover, because there are no facts alleged in the complaint filed in the Zuniga-Castro Litigation that would, if proven true, qualify Mr. Ravi as an "Insured" as defined by the Policy under any of the subsections, State Farm has no duty to defend Mr. Ravi in connection with the Zuniga-Castro Litigation.

## COUNT II

## DECLARATION THAT STATE FARM DOES NOT HAVE A DUTY TO DEFEND OR INDEMNIFY SOUTHERN WHOLESALE FOODS CONNECTION WITH THE ZUNIGA-CASTRO LITIGATION

1. State Farm incorporates by reference all of its previous allegations.

2. Because Southern Wholesale Foods is not named as an insured in the Policy, not a resident relative of Mr. Ravella, and not a spouse or in a civil union with Mr. Ravella, nor is the same alleged in the complaint filed in the Zuniga-Castro Litigation, it does not meet the definition of an "Insured" under subsection 1. or 2.

3. Moreover, the U-Haul box truck is not "your car", a "newly acquired car", a "temporary substitute car", or a "trailer" attached thereto, nor is the same alleged in the complaint filed in the Zuniga-Castro Litigation, and accordingly Southern Wholesale Foods does not meet the definition of an "Insured" under subsection 1 or 3.

4. Furthermore, because the driver of the U-Haul box truck, Mr. Ravi, is not an "Insured" or alleged to be an "Insured" based on the complaint filed in the Zuniga-Castro Litigation, Southern Wholesale Foods does not meet the definition of an "Insured" under subsection 4.

5. In any event, the driver of the U-Haul box truck, Mr. Ravi, is not an agent or employee of Southern Wholesale Foods. Nor was Mr. Ravi working at the time of the accident. Thus

Southern Wholesale Foods could not possibly be vicariously liable for Mr. Ravi's actions. Accordingly, Southern Wholesale Foods does not meet the definition of an "Insured" under subsection 4 for that additional, independent reason.

6. Accordingly, because Southern Wholesale Foods was not an "Insured" as defined by the Policy under any of the subsections, State Farm has no duty to indemnify Southern Wholesale Foods in connection with the Zuniga-Castro Litigation.

7. Moreover, because there are no facts alleged in the complaint filed in the Zuniga-Castro Litigation that would, if proven true, qualify Southern Wholesale Foods as an "Insured" as defined by the Policy under any of the subsections, State Farm has no duty to defend Southern Wholesale Foods connection with the Zuniga-Castro Litigation.

## COUNT III

## DECLARATION THAT STATE FARM DOES NOT HAVE A DUTY TO INDEMNIFY MR. RAVELLA CONNECTION WITH THE ZUNIGA-CASTRO LITIGATION

1. State Farm incorporates by reference all of its previous allegations.

2. Mr. Zuniga-Castro does not allege in the Zuniga-Castro Litigation that there is, nor is there, any causal relationship between Mr. Ravella's use of the car as a passenger and Mr. Zuniga-Castro's alleged injuries. Thus, because Mr. Ravella was a passenger at the time of the accident, he was not "using" the U-Haul Box Truck at the time of the accident. Accordingly, Mr. Ravella does not meet the definition of "Insured" under subsection 2 for this accident.

3. Moreover, the U-Haul box truck is not "your car", a "newly acquired car", a "temporary substitute car", or a "trailer" attached thereto, nor is the same alleged in the complaint filed

in the Zuniga-Castro Litigation, and accordingly Mr. Ravella does not meet the definition of an "Insured" under subsection 1 or 3 for this accident.

4. Furthermore, because the driver of the U-Haul box truck, Mr. Ravi, is not an "Insured" or alleged to be an "Insured" based on the complaint filed in the Zuniga-Castro Litigation, Mr. Ravella does not meet the definition of an "Insured" under subsection 4.

5. In any event, the driver of the U-Haul box truck, Mr. Ravi, is not an agent or employee of Mr. Ravella. Nor was Mr. Ravi working at the time of the accident. Thus Mr. Ravella could not possibly be vicariously liable for Mr. Ravi's actions. Accordingly, Mr. Ravella does not meet the definition of an "Insured" under subsection 4 for that additional, independent reason.

6. Accordingly, because Mr. Ravella was not an "Insured" as defined by the Policy under any of the subsections for this accident, State Farm has no duty to indemnify Mr. Ravella in connection with the Zuniga-Castro Litigation.

7. Moreover, because there are no facts alleged in the complaint filed in the Zuniga-Castro Litigation that would, if proven true, qualify Mr. Ravella as an "Insured" as defined by the Policy under any of the subsections, State Farm has no duty to defend Mr. Ravella connection with the Zuniga-Castro Litigation.

WHEREFORE, pursuant to Conn. Gen Stat. 52-29 and Conn. Prac. Book §17-56, State Farm respectfully requests that the Court enter a judgment in its favor declaring that:

1. State Farm has no duty to defend Mr. Ravi with respect to the June 25, 2024 accident.
2. State Farm has no duty to indemnify Mr. Ravi with respect to the June 25, 2024 accident.
3. State Farm has no duty to defend Southern Wholesale Foods with respect to the June 25, 2024 accident.

4. State Farm has no duty to indemnify Southern Wholesale Foods with respect to the June 25, 2024 accident.

5. State Farm has no duty to defend Mr. Ravella with respect to the June 25, 2024 accident.

6. State Farm has no duty to indemnify Mr. Ravella with respect to the June 25, 2024 accident.

7. Because State Farm has no duty to indemnify Mr. Ravella, Mr. Ravi, or Southern Wholesale Foods, State Farm is not liable for the payment of benefits of any kind to Mr. Zuniga-Castro with respect to the June 25, 2024 accident.

Date: November 20, 2025

/s/ Eric V. Skelly
Eric V. Skelly
Dinsmore and Shohl LLP
101 Arch Street, Suite 1800
Boston, MA 02110
Phone: (857) 305-6400
Eric.skelly@dinsmore.com

*Attorneys for State Farm Mutual Automobile Insurance Company*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, <br> Plaintiff, <br><br> v. <br><br> PRADEEP RAVELLA, SUJEETH RAVI, SOUTHERN FOODS WHOLESALERS, LLC, AND EDISSON ZUNIGA-CASTRO. <br> Defendants. | Case No. <br><br> Hon. |

Eric Skelly
Dinsmore & Shohl LLP
101 Arch Street, Suite 1800
Boston, MA 02110
Phone: (857) 305-640
eric.skelly@dinsmore.com
*Attorneys for State Farm Mutual Automobile Insurance Company*

## CERTIFICATE PURSUANT TO CONNECTICUT PRACTICE BOOK RULE 17-56(B)

Pursuant to Rule 17-56(b), all such interested persons have been joined as parties to the action or have been given reasonable notice thereof. Names of person known, and nature of interest of and the manner of notice:

1. Name: Melissa Denise Ettinger; nature of interest: person listed on Accident Information Summary; manner of notice: sent via certified mail to 79 Hersh Rd., Fairfield, CT. 06824

2. Name: Omar Amilcar Cruz; nature of interest: person listed on Accident Information Summary; manner of notice: sent via certified mail to 20 Scott Pl., Stamford, CT 06902.

3. Name: Belgica Luzmila Guzman-Hurtado; nature of interest: person listed on Accident Information Summary; manner of notice: sent via certified mail to 63 Stephens St 2, Stamford, CT 06902.

4. Name: Rohalia B. Parker; nature of interest: person listed on Accident Information Summary; manner of notice: sent via certified mail to 36 Medowbrook Dr., Brentwood, NY 11717.

5. Name: Belgica Luzmila Guzman-Hurtado; nature of interest: person listed on Accident Information Summary; manner of notice: sent via certified mail to 63 Stephens St 2, Stamford, CT 06902.

6. Name: The Home Depot; nature of interest: person listed on Accident Information Summary; manner of notice: sent via certified mail to 940 Ridgebrook Rd., Sparks, MD 21152.

7. Name: AP Foods; nature of interest: person named as defendant in the Zuniga-Castro Litigation; manner of notice: sent via certified mail to 1250 Burnside Avenue, East Hartford, CT 06108.

Date: November 20, 2025

    /s/ Eric V. Skelly
Eric V. Skelly
Dinsmore and Shohl LLP
101 Arch Street, Suite 1800
Boston, MA 02110
Phone: (857) 305-6400
Eric.skelly@dinsmore.com

*Attorneys for State Farm Mutual Automobile Insurance Company*